IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON STRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 CV 4885 |
| v. ) | |
| ) | Honorable Thomas M. Durkin |
| LUCIAN TESSMANN, et al., ) | |
| ) | Magistrate Sidney I. Schenkier |
| Defendants. ) | |

**DEFENDANT DEL RE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Gary Del Re, Former Sheriff of Lake County in his Official Capacity ("Del Re"), by his attorneys, and pursuant to FED. R. CIV. P. 12(b)(5), (6), and (7), moves this Court to dismiss Plaintiff's Complaint against him.[1] In support thereof, Defendant Del Re states as follows:

Plaintiff brings suit under 42 U.S.C. § 1983 and state law for violations of his civil rights stemming from his alleged wrongful conviction for the murder of Mary Kate Sunderlin in the Circuit Court of Lake County. (Dkt. 1, Compl.). Plaintiff's conviction was vacated on May 28, 2015, after the United States District Court granted his petition for a writ of *habeas corpus* and the State dropped all charges against him. (*Id.*, at ¶ 67.) The eleven-count Complaint names fourteen individuals and twelve governmental entities as defendants, including Del Re in his official capacity. (*Id.*, at pp. 1-2.) Plaintiff alleges the Defendants' misconduct caused his wrongful conviction and resulting damages. (*Id.*, ¶¶ 61-62; 69-72.)

---

[1] Defendant Del Re also joins in Defendants' Joint Motion to Dismiss Plaintiff's Complaint filed separately by all defendants. The arguments presented herein are specific to Defendant Del Re as the Former Sheriff of Lake County.

I.  **Defendant Del Re Is Not the Proper Party in Interest**.

It is clear from the face of his Complaint that Plaintiff sues Del Re as the *former* Sheriff of Lake County in his *official capacity*. Plaintiff alleges that Del Re was the Sheriff of Lake County at the time of the events giving rise to Plaintiff's conviction, that Del Re is sued in his "official capacity," and that as Sheriff, Del Re oversaw the Lake County Sheriff's Office which was the employer of individual defendants John Krempotic and Leonard Brezinski. (Compl., ¶ 22.) It has been long established that official capacity suits against government officials under § 1983 "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), quoting *Monell v. Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978); *Wynn v. Ill. Dept. of Human Services*, 2012 WL 2992132 at *4 (N.D. Ill. July 16, 2012). In contrast, personal capacity suits seek to impose personal liability against government officials for actions taken under color of state law. *Graham*, 473 U.S. at 165. Thus, an official capacity suit is to be treated as a suit against the entity, and not a suit against the official personally because the real party in interest is the entity. *Id.* at 166.

Here, Plaintiff sues Del Re in his official capacity. Under *Graham*, his Complaint should be treated as a suit against the Lake County Sheriff's Office, and not Del Re personally, because the entity is the real party in interest. Indeed, the Complaint identifies Del Re as the former Sheriff, and is devoid of any allegations giving rise to liability against Del Re personally. Liability under section1983 is predicated upon personal responsibility. *Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996). Thus, in order for liability to attach against Del Re, Plaintiff must establish that he personally participated in or caused the alleged constitutional

deprivation. *Id.*, 87 F.3d at 879. Such allegations are absent. Furthermore, Plaintiff could not hold the Lake County Sheriff's Office vicariously liable under § 1983 under a *respondeat superior* theory based on the acts of Del Re. *Id.*, citing *Monell*, 436 U.S. at 691. To be liable under § 1983 Plaintiff must allege a policy or custom of the Lake County Sheriff's Office was the moving force which caused the deprivation of his rights. *Graham*, 473 U.S. at 166; *Starzenski*, 87 F.3d at 879. Again, such allegations are absent from the Complaint. In light of *Graham*, and the absence of any allegations against Del Re personally, Plaintiff fails to state a claim for relief and therefore, Del Re should be dismissed with prejudice.

II. **Plaintiff Has Failed to Serve and Join the Sheriff of Lake County as a Party Defendant.**

Despite long standing law that the Sheriff of Lake County is the proper party defendant, and attorneys experienced in this area of litigation working on his behalf, Plaintiff has not properly served the Sheriff of Lake County, and has not joined the Sheriff's Office as a party defendant. A review of the docket evinces no service of process executed on the Lake County Sheriff's Office. Rather, the summons and Complaint were served upon Defendant Del Re personally.[2] (Dkt. 35.) Therefore, any purported cause of action against the Lake County Sheriff's Office should be dismissed for improper service under FED. R. CIV. P. 12(b)(5). Similarly, any claim against the Lake County Sheriff's Office should be dismissed under FED. R. CIV. P. 12(b)(7) for failure to join it as a party defendant. Plaintiff seeks indemnification from the Lake County Sheriff's Office as the employer of defendants Krempotic and Brezinski, and therefore the Sheriff's Office has a financial interest in this matter. (*See*, Compl., ¶¶ 129-32; 745 ILCS 10/9-102.)

---

[2] The Court may take judicial notice of court dockets without converting a motion to dismiss into a motion for summary judgment. *Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012); *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997).

3

WHEREFORE, Defendant Gary Del Re, respectfully requests this Court dismiss Plaintiff's Complaint against him with prejudice, and for such other relief as the Court deems appropriate and just.

Dated: August 9, 2016        Respectfully submitted,

> By: /s/Joseph M. Polick
> JOSEPH M. POLICK, Attorney No. 6203682
> *One of the Attorneys for Gary Del Re*

James G. Sotos
Elizabeth A. Ekl
Caroline P. Golden
Joseph M. Polick
THE SOTOS LAW FIRM, P.C.
550 E. Devon Avenue, Suite 150
Itasca, IL 60143
Tel: (630) 735-3300
Fax: (630) 773-0980
jpolick@jsotoslaw.com

## CERTIFICATE OF SERVICE

      I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on August 9, 2016, I electronically filed **Defendant Del Re's Motion to Dismiss Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attached Service List.

    /s/Joseph M. Polick
JOSEPH M. POLICK, Attorney No. 6203682
*One of the Attorneys for Gary Del Re*

**SERVICE LIST**
*Strong v. Tessmann, et al.*
Case No.:16 CV 4885

***Plaintiff's Attorneys***
Locke E. Bowman
David M. Shapiro
Vanessa Del Valle
RODERICK AND SOLANGE
MACARTHUR JUSTICE CENTER
Northwestern University School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
Tel: (312) 503.0844
l-bowman@law.northwestern.edu
vanessa.delvalle@law.northwestern.edu
david.shapiro@law.northwestern.edu
J. Samuel Tenenbaum
BLUHM LEGAL CLINIC
Northwestern University School of Law
375 E. Chicago Avenue
Chicago, Illinois 60611
Tel: (312) 503.4808
s-tenenbaum@law.northwestern.edu

***Village of Vernon Hills, Village of Round Lake Beach, Todd Williams and Richard Chiarello***
Brian P. Gainer
Monica Gutowski
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Tel: (312) 372-0770
gainerb@jbltd.com
gutowskim@jbltd.com

***City of North Chicago & Walter Holderbaum***
Ellen K. Emery
Elizabeth K. Barton
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C.
140 S. Dearborn Street, 6th Floor
Chicago, Illinois 60603
Tel: (312) 782-7606
eemery@ancelglink.com
ebarton@ancelglink.com

***Ed Wagner, Don Smith, Village of Buffalo Grove and Village of Libertyville***
Patrick H. O'Connor
Michael R. Hartigan
Hartigan & O'Connor P.C.
53 West Jackson Boulevard, Suite 460
Chicago, Illinois 60604
Tel: (312) 235-8880
patoconnor@hartiganlaw.com
mhartigan@hartiganlaw.com
mail@hartiganlaw.com

***City of Waukegan, Domenic Cappelluti, Donald Meadie, Lucian Tessmann & William Valko***
Michael D. Furlong
Peter M. Trobe
Trobe, Babowice & Associates, LLC
404 West Water Street
Waukegan, Illinois 60085
Tel: (847) 625-8700
mfurlong@tbalaws.com
ptrobe@tbalaws.com

Jeffrey R. Zehe
Bradford S. Krause
Nielsen Zehe & Antas, P.C.
55 West Monroe Street, Suite 1800
Chicago, Illinois 60603
Tel: (312) 322-9900
jzehe@nzalaw.com
bkrause@nzalaw.com

***Michael Luff and City of Park City***
Joseph F. Spitzzeri
Michael Lizzadro
Johnson & Bell, Ltd.
33 West Monroe Street, #2700
Chicago, Illinois 60603
Tel: (312) 984-0253
spitzzerij@jbltd.com
lizzadrom@jbltd.com

*Village of Lincolnshire and Greg Duffey*
Eric D. Kaplan
Christopher S. Wunder
Kaplan Papadakis & Gournis, P.C.
180 N. LaSalle Street, Suite 2108
Chicago, Illinois 60601
Tel: (312) 726-0531
ekaplan@kpglaw.com
cwunder@kpglaw.com

*Village of Barrington Hills and*
*Alexander Fernandez*
Mary E. Dickson
Sean Conway
Patrick K. Bond
Bond, Dickson & Associates, P.C.
400 S. Knoll Street, Unit C
Wheaton, IL 60187
Tel: (630) 681-1000
marydickson@bond-dickson.com
seanconway@bond-dickson.com
patrickbond@bond-dickson.com

*Lake County Major Crimes Task Force*
Laura L. Scarry
James L. DeAno
Debra A. Harvey
Monifa K. Gray
DeAno & Scarry, LLC
53 W. Jackson Boulevard, Suite 740
Chicago, Illinois 60604
Tel: (630) 690-2800
lscarry@deanoscarry.com
jdeano@deanoscarry.com
dharvey@deanoscarry.com
mgray@deanoscarry.com